NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  08-1740

UNITED STATES OF AMERICA

v.

DENNIS D. CARSON,

Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-06-cr-00116-001)
District Judge: Honorable Gregory M. Sleet

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2010

Before: AMBRO, SMITH and MICHEL,[*] Circuit Judges

(Filed: April 28, 2010 )

OPINION

AMBRO, Circuit Judge

Dennis Carson pled guilty to transmitting a threat to injure the person of another

_____

[*]Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the
Federal Circuit, sitting by designation.

with the intent to extort. He was sentenced to 120 months' imprisonment and timely appealed.[1] Carson's attorney has moved to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. We grant the motion and affirm Carson's sentence.

I.

Because we write solely for the parties, we recite only those facts necessary to our decision. In October 2006, Carson sent a letter to a Massachusetts law firm representing Springfield College, the defendant in a civil suit filed by Carson (who was dismissed from the College in March 2005). In this letter, Carson described his firearms training and access to weapons, discussed the shootings at Columbine High School, and suggested that similar events might occur if Springfield College refused to pay him $75,000, reinstate him as a student, and grant him free tuition.

A federal grand jury returned a two-count indictment charging Carson with (1) transmitting in interstate commerce a threat to injure the person of another with the intent to extort money and other things of value (in violation of 18 § U.S.C. 875(b)); and (2) transmitting in interstate commerce a communication containing a threat to injure another person (in violation of 18 U.S.C. § 875(c)). In July 2007, Carson pled guilty to Count One pursuant to a plea agreement.

At sentencing, the District Court adopted the conclusions in the Presentence

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Investigation Report that Carson's offense level was 21 and his criminal history category was IV, resulting in a Guideline range of 57 to 71 months' imprisonment. Carson requested a downward variance from this range based on his history of mental illness. The Government requested an upward departure in Carson's criminal history category pursuant to U.S.S.G. § 4A1.3(a), arguing that the seriousness of Carson's criminal record was significantly understated by his criminal history category of IV.

The District Court denied Carson's request for a downward variance, and declined to depart upwardly under § 4A1.3(a). Instead, the Court imposed an upward variance of 49 months, finding that Carson's criminal history category (and the resulting Guideline range) "grossly under-represent the danger . . . [that Carson] pose[s] to society." (App. at 137.)

Carson timely appealed. As noted, his attorney moved to withdraw and filed a corresponding *Anders* brief. Carson was notified of his right to file a *pro se* brief, but he has failed to do so.

II.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id*. Accordingly, our "inquiry is. . . twofold: (1) whether counsel adequately fulfilled the rule's requirements;

3

and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In her *Anders* brief, Carson's attorney identifies three potential grounds for appeal: (1) whether the Government breached the plea agreement when it requested an upward departure pursuant to U.S.S.G. § 4A1.3(a); (2) whether the District Court abused its discretion in varying upward from the Guidelines range (and relatedly, whether the resulting sentence was substantively reasonable); and (3) whether counsel was ineffective for failing to seek a downward departure pursuant to U.S.S.G. § 5K2.13 based on Carson's diminished mental capacity.

Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for appeal. As for the first issue, we agree that the Government's request for an upward departure did not violate the plea agreement. The plea agreement did not contain any express promise by the Government not to seek an upward departure in Carson's criminal history category; rather, it merely advised Carson that, based on the facts known "prior to the preparation of the pre-sentence report," he "should expect" a Government recommendation "consistent with" the Guidelines range. (App. at 51.) Moreover, the plea agreement specifically stated that the District Court was not bound to sentence Carson within the Guidelines range. Thus, the Government's request at sentencing for an upward departure in the offense level calculation was not inconsistent with the plea agreement or what Carson should have "reasonably understood" in entering into that agreement. *United States v. Nolan-Cooper*, 155 F.3d 221, 236 (3d Cir. 1998).

4

Second, we agree that the District Court did not abuse its discretion in imposing an upward variance when sentencing Carson to 120 months' imprisonment. The Court gave a lengthy explanation for its sentence, and found that Carson's "deplorable" criminal record—which includes numerous convictions for offenses involving firearms and violence, and "spans a little over 30 years"—"demonstrates that the threat of arrest or confinement seemingly does not deter" Carson. (App. at 135–37.) The Court also considered Carson's mental health status—which the Court acknowledged was "certainly a mitigating factor," App. at 138—but noted that Carson had "committ[ed] the same type of dangerous offenses [his] entire life, even during times when [he was] ordered to take medications" for his mental illness. (App. at 138.) In this context, we agree that the Court gave "rational and meaningful" consideration to the relevant 18 U.S.C. § 3553(a) factors in imposing its sentence. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (*en banc*). We also agree that Carson's sentence was substantively reasonable, as it "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

Finally, we take no position on Carson's potential ineffective assistance of counsel claim, as such a claim typically is not properly presented at the direct appeal stage, and in any event the record here is insufficient to allow a determination of this issue. *See United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003).

Counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous ground for appeal, we grant

counsel's motion to withdraw and affirm Carson's sentence.[2]

---

[2] Carson is hereby advised that, under the Criminal Justice Act, his counsel is not obliged to file a petition for rehearing in this Court or a petition for a writ of *certiorari* in the United States Supreme Court. *See* 3d Cir. L.A.R. 35.4; 109.2(b). If Carson wishes to pursue these avenues, he must do so *pro se*. Carson should note that an original and fourteen copies of a petition for rehearing *en banc* must be filed within 14 days of the entry of judgment, or, if that time has passed, he may promptly file a motion to enlarge the time for such filing. Counsel promptly shall send a copy of this opinion and judgment to Appellant.